Deupree *et al. vs.* Deupree *et al.*

JAMES F. DEUPREE *et al.*, executors, plaintiffs in error, *vs.* LUCY Y. DEUPREE *et al.*, caveators, defendants in error.

1. It is error for the Judge of the Superior Court, in his charge to the jury, to express or to intimate his opinion as to what has or has not been proved.
2. The discretion of the Superior Court in granting a new trial upon the the ground that the verdict is contrary to the evidence, will not be interfered with unless abused.

Charge of Court. Opinion on evidence. New trial. Before Judge ANDREWS. Oglethorpe Superior Court. April Term, 1873.

This is the second time this case has been before the Supreme Court: See 45 *Georgia Reports,* 415.

For the facts, see the decision.

C. PEEPLES; W. M. REESE; A. H. STEPHENS; JOHN C. REED, for plaintiffs in error.

R. TOOMBS; B. H. HILL & SON; J. D. MATHEWS; LUMPKIN & OLIVE; W. G. JOHNSON, for defendants.

WARNER, Chief Justice.

This case came before the Court below on a caveat filed to the will of Lewis J. Deupree, which was propounded for probate and record. The only question involved on the trial was whether the testamentary paper offered in evidence by the propounders, bearing date 24th of May, 1864, was subscribed by the attesting witnesses in the presence of the testator, as re-

quired by the 2379th section of the Code. The jury, under the charge of the Court, found a verdict in favor of the propounders setting up the will. A motion was made for a new trial, on the ground of error in the charge of the Court to the jury, and also on the ground that the verdict was decidedly and strongly against the weight of the evidence. The Court granted a new trial in the case on the last ground, as set forth in its judgment; whereupon, the propounders excepted. The Court charged the jury, that "the Supreme Court held in this case, that there is no question as to the general rule, that on the death of the witnesses or failure of their memory, the proof of the fact of execution begets a presumption that all the details of the fact were such as the law requires, and the caveators request me, therefore, to charge that the failure must have been on account of death or defect of memory. If the case required, I would say that if the failure of the witnesses to prove the legal execution of the papers for other causes than memory or death, the presumption would arise, but the Supreme Court apply the general rule to this case and to the facts, so far as this point is concerned, and Judge McCay said that, for his part, the witnesses to the will do fail to remember what was the real truth of the case. And if the presumption was begotten on the facts of the last trial, they are here." This charge of the Court was error, and a new trial should have been granted by the Court below on that ground.

1. The 3183d section of the Code declares that it is error for any or either of the Judges of the Superior Courts of this State, in any case, whether civil or criminal, or in equity, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and should any Judge of said Court violate the provisions of this section, such violation shall be held by the Supreme Court to be error and the decision in such case reversed and a new trial granted in the Court below. The point in the case, on the trial in the Court below, was whether the subscribing witnesses to the testamentary paper failed to recollect whether the testator was present

at the time they attested the same, or whether their evidence affirmatively proved that he was absent.    The Court charged the jury, that the Supreme Court apply the general rule to this case and to *the facts*, so far as this point is concerned, and Judge McCay said that, for his part, the witnesses to the will do fail to remember what was the real truth of the case, and if the presumption was begotten on the facts of the last trial, it is here—that is to say, the Court told the jury, in effect, that the evidence showed that the attesting witnesses did fail to remember whether the testator was present at the time of their attestation of the testamentary paper, and that the Supreme Court, or at least one of the Judges thereof, had so said, and if such was the fact on the former trial, it is so here at this trial, not only expressing his own opinion as to what the evidence proved the facts to be, but fortified that opinion by telling the jury that the Supreme Court, or one of the Judges thereof, said the same thing in relation to the evidence in the case.    What makes the charge of the Court the more conspicuously erroneous is that the facts were not the same on the last as on the former trial.    We think the Court also erred in charging the jury as to the admissions of the caveators as to the presumptions of law, from the evidence, there not appearing to have been any such admissions made.    As this case must be remanded for a new trial, we express no opinion in relation to the other grounds of error contained in the record, as to do so would necessarily involve a discussion of the facts which the jury should be left entirely free to consider on the next trial, without any expression of opinion in relation thereto by this Court.

2. In relation to the ground on which the Court below granted the new trial, if there had been no errors of law committed, we should not, according to the repeated rulings of this Court, have controlled his discretion in doing so, or if it had refused a new trial on that alleged ground of error, we would not have interfered with the exercise of the discretion of the Court on the facts, as contained in the record.

Let the judgment of the Court below be affirmed.